IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ART MIDWEST, INC., a Nevada corporation, and AMERICAN REALTY TRUST, INC., a Georgia corporation, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 399CV2355-R |
| DAVID M. CLAPPER, individually, ATLANTIC MIDWEST, LLC, a Michigan limited liability company, ATLANTIC XIII, L.L.C., a Michigan limited liability company, and ART MIDWEST, L.P., a Texas limited partnership, | § § § § § § § § | |
| Defendants. | § | |

### NOTICE OF REMOVAL BY DEFENDANTS DAVID M. CLAPPER, ATLANTIC MIDWEST, LLC AND ATLANTIC XIII, L.L.C.

Defendants David M. Clapper, Atlantic Midwest, LLC and Atlantic XIII, L.L.C. ("Clapper Defendants") file this Notice of Removal pursuant to 28 U.S.C. §1441 and would show the Court the following:

### Removal Is Timely

1.      On September 15, 1999, the Clapper Defendants were served with Plaintiffs' Original Petition (the "Complaint") in Cause No. DV-99-4535-A in the 14th Judicial District Court of Dallas County, Texas. The Clapper Defendants timely filed this Notice of Removal within the 30-day time period, as required by 28 U.S.C. §1446(b).

---

## Diversity Of Citizenship Exists

2.  This Court has original diversity of citizenship jurisdiction over this civil action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

### A.  Amount In Controversy

3.  The matter in controversy exceeds the sum or value of $75,000 as the properties that are the subject of the parties' agreements are each valued at over $3 million dollars.  *See* Complaint at ¶18 (property values exceeding $3 million).  Further, Plaintiffs are seeking exemplary damages.  *See id.* at Section VI.B.

### B.  Diversity Is Complete Among All Parties

4.  Plaintiff Art Midwest, Inc. is a citizen of **Nevada** and **Texas**.  *See id.* at ¶2 (corporation organized under Nevada law with its principal place of business in Texas).

5.  Plaintiff American Realty Trust, Inc. ("ART") is a citizen of **Georgia** and **Texas** (corporation organized under Georgia law with its principal place of business in Texas).  *See id.* at ¶3.

6.  Defendant David M. Clapper is a citizen of **Michigan**.  *See id.* at ¶4 (individual residing in Michigan).

7.  Defendant Atlantic Midwest, LLC is a citizen of **Michigan**.  *See id.* at ¶5 (limited liability company organized under Michigan law with its principal place of business in Michigan).

8. Defendant Atlantic XIII, L.L.C. is a citizen of **Michigan**. *See id.* at ¶6 (limited liability company organized under Michigan law with its principal place of business in Michigan).

9. Defendant Art Midwest, L.P. (the "Limited Partnership") is a **Michigan** citizen and not a Texas limited partnership as Plaintiffs allege. Even if the Court finds that the Limited Partnership is not solely a Michigan citizen, the Limited Partnership's citizenship is irrelevant and should be disregarded for purposes of diversity jurisdiction because it is a nominal party to the action and was fraudulently joined by Plaintiffs.[1]

C. **Plaintiffs' Citizenship Is Irrelevant To The Citizenship Of The Limited Partnership.**

10. In the Complaint, Plaintiffs' allege that they are partners in the Limited Partnership. However, by Plaintiffs own admission, when they filed suit in state court on June 23, 1999, they no longer had an interest in the Limited Partnership. In its 10-Q filing on August 16, 1999, ART represented that "in June 1999, ART relinquished its general and Class B limited partner interests." *See* Excerpt from ART's Form 10-Q, attached as App. A.

11. Thus, the only remaining partners of the Limited Partnership at the time this suit was filed were Atlantic Midwest, LLC and Atlantic XIII, L.L.C., both Michigan citizens.[2] Because a limited partnership's citizenship is determined by the citizenship of its partners, the Limited Partnership was a Michigan citizen when suit was filed. *See*

---

[1] The Limited Partnership is a debtor in a Chapter 7 bankruptcy filed by the Plaintiffs in the Northern District of Texas. Therefore, this action is stayed as to the Limited Partnership and its consent to the removal cannot be obtained.

[2] If Plaintiffs had not relinquished their interests in the Limited Partnership, the Limited Partnership would have been considered a Texas, Georgia and Nevada citizen for purposes of diversity jurisdiction. *See Bankston v. Burch*, 27 F.3d 164, 168-69 (5th Cir. 1994) ("the citizenship of all partners . . . controls the citizenship of the limited partnership itself") (citing *Carden v. Arkome Assocs.*, 494 U.S. 185 (1990)).

*Bankston v. Burch*, 27 F.3d 164, 168-69 (5th Cir. 1994). Likewise, at the time of removal, the only partners of the Limited Partnership were Atlantic Midwest, LLC and Atlantic XIII, L.L.C., which are still both Michigan citizens. Therefore, the Limited Partnership is a Michigan citizen and complete diversity exists.[3]

### D. The Limited Partnership Is A Nominal Party

12. Even if the Court finds that Limited Partnership is not solely a Michigan citizen, its citizenship is irrelevant and should be disregarded for purposes of diversity jurisdiction because it is a nominal party to the action. 28 U.S.C. §1441(b) permits removal of an action to federal court if there is complete diversity of citizenship among the "parties in interest properly joined."

13. "Parties in interest" do *not* include formal or nominal parties; thus, a plaintiff's joinder of such parties cannot defeat the federal court's subject matter jurisdiction and cannot prevent removal of the action to federal court. *See Pesch v. First City Bank*, 637 F. Supp. 1530, 1536 (N.D. Tex. 1986) (citing *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 189 (1924) & *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961)); *Kern v. Jeppesen Sanderson, Inc.*, 867 F. Supp. 525, 532 (S.D. Tex. 1994) ("[a] nominal party is one who is neither necessary nor indispensable to the action") (citing *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991)). Whether a named defendant is a nominal party depends upon the facts of each case, as disclosed by the pleadings when the removal petition was filed. *See Pesch*, 637 F. Supp. at 1537 (citing *Salem Trust Co.*, 264 U.S. at 189).

---

[3] "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)

14. This case is analogous to *Pesch v. First City Bank*, 637 F. Supp. 1530 (N.D. Tex. 1986). There, the court found that two Texas defendants were nominal parties whose presence did not destroy diversity jurisdiction. In *Pesch*, an Illinois resident who owned common stock in a Texas corporation sued a Swiss corporation in connection with a stock option agreement. *See Pesch*, 637 F. Supp. at 1532. The plaintiff also sued the Texas corporation whose shares were being held and the Texas corporation's transfer agent, seeking to restrain the transfer of stock pending determination of the rights of the parties pursuant to the stock option agreement. *See id*. The court in *Pesch* found that the Texas defendants were nominal parties whose presence did not preclude removal because the real dispute was between the plaintiff and the Swiss corporation regarding the stock option agreement. *See id*. at 1537. The court found that there was nothing in the state court pleading that indicated that the plaintiff was seeking any relief against the Texas defendants other than to prevent them from transferring stock pending a final resolution of the plaintiff's dispute with the Swiss corporation. *See id*. (Texas defendants were "merely depositories or stakeholders who [were] obliged to transfer and re-register the stock absent relief from this court").

15. Here, the facts, as disclosed by Plaintiffs' Complaint, show that the Limited Partnership is a nominal defendant whose residence should not be considered for purposes of diversity jurisdiction. The actual dispute is between Plaintiffs and the Clapper Defendants regarding the transfer of apartment complex properties and related interests. Plaintiffs' Complaint does not seek any relief against the Limited Partnership. Plaintiffs only seek a decree from the Court to dissolve the Limited Partnership. On the

---

(citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986)). Here, diversity jurisdiction existed in both instances.

---

same reasoning applied in *Pesch,* the Limited Partnership here is simply an entity that holds assets and liabilities and has no rights to be contravened. *See id.* (stating that nominal party could not affect removal because it had "no rights to be contravened") (citing *Kearney v. Dollar*, 111 F. Supp. 738 (D. Del. 1953)). Accordingly, the Court should find that the Limited Partnership is a nominal party whose presence should not preclude removal.

E.   **The Limited Partnership Is Fraudulently Joined**

16.   Not only is the Limited Partnership a nominal party, but it is also a fraudulently joined party whose presence is intended to defeat diversity jurisdiction. To show that a party has been fraudulently joined, the removing party must show that: (1) there is no possibility that plaintiff could *recover* against the in-state defendant in state court; or (2) there has been outright fraud in plaintiff's pleading of jurisdictional facts. *See Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *Kasprzak v. American General Life & Accident Ins.* Co., 914 F. Supp. 144, 146 (E.D. Tex. 1996); *Pesch*, 637 F. Supp. at 1537. If the removing party can show either one of these things, the fraudulently joined defendant must be disregarded for purposes of diversity jurisdiction. *See Kasprzak*, 914 F. Supp. at 146 (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990)).

17.   In determining whether a party has been fraudulently joined, the court must "'evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff' and 'examine relevant state law and resolve all uncertainties in favor of the nonremoving party.'" *Rodriguez*, 120 F.3d at 591 (quoting *Green v.*

*Amerada Hess Corp.*, 707 F.2d 201, 205-06 (5th Cir. 1983), *cert. denied*, 464 U.S. 1038 (1984)); *see Pesch*, 637 F. Supp. at 1537.

18. In *Pesch*, the court found that, because the plaintiff failed to allege any wrongdoing on behalf of the Texas defendants, there was no possibility that the plaintiff could recover against those defendants in state court. *See Pesch*, 637 F. Supp. at 1538 ("if there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, the claim is then deemed fraudulent and lack of diversity will not prevent removal"). The plaintiff argued that there was no fraudulent joinder because it had asserted a "proper cause of action for injunctive relief" against the Texas defendants. *Id.* The court rejected this argument and stated that plaintiff was confusing the *existence of a cause of action* with the *availability of a remedy*, noting that plaintiff's petition, when reduced to its essence, was against the Swiss corporation for breach of contract (and not against the Texas defendants). *See id.* The court found that the Texas defendants were "nothing more than neutral bystanders to a battle" between the plaintiff and the Swiss corporation and, as such, were fraudulently joined to defeat diversity jurisdiction. *See id.* at 1539.

19. Likewise, in the present case, even if all of Plaintiffs' factual allegations are taken as true (which they are not), Defendants can still show that the Limited Partnership was fraudulently joined because Plaintiffs cannot recover against it in state court. Under the facts alleged in the Complaint, there is no basis for liability against the Limited Partnership. The only claim asserted against the Limited Partnership is for dissolution. In fact, nowhere in the Complaint do Plaintiffs even intimate that the

Limited Partnership has done anything wrong for which it could be held liable under Texas law.

20. Moreover, Plaintiffs have no standing to move for dissolution of the Limited Partnership because: (a) Plaintiffs relinquished all interest in the Limited Partnership, as stated in ART's August 16, 1999 10-Q filing; and (b) ART caused the Limited Partnership to file Chapter 7 bankruptcy in August 1999 (despite the fact that it had already relinquished all interest in the Limited Partnership two months earlier). Thus, Plaintiffs have disavowed any interest in the Limited Partnership and have already effectively achieved *through the bankruptcy* what they purport to seek in this lawsuit.

21. Furthermore, Plaintiffs' request for dissolution of the Limited Partnership is, in essence, duplicative of its claims against the Clapper Defendants, which seek recission or nullification of the partnership agreement; the effect is the same – Plaintiffs are seeking a declaration that there is no partnership. Therefore, the claim for dissolution is redundant. The Limited Partnership is nothing more than a "neutral bystander" to a dispute between Plaintiffs and the Clapper Defendants and should be disregarded for purposes of diversity jurisdiction.

**F.     This Case Is Properly Removed**

22. Because this Court has original diversity of citizenship jurisdiction over this action, Defendants' removal of this action is appropriate pursuant to 28 U.S.C. §1441. The United States District Court for the Northern District of Texas, Dallas Division, is the appropriate Court to which this action should be removed because it is the district court of the United States for the district and division where such action is pending.

23. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, Defendants attach to this Notice of Removal the following: (a) an index of all documents that clearly identifies each document and indicates the date the document was filed in the state court; (b) a copy of the docket sheet in the state court action; and (c) each document filed in the state court action, except discovery material, individually tabbed and arranged in chronological order according to the state court file date. *See* App. B.

24. This case, therefore, is an appropriate matter for removal from the 14th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

25. Defendants will promptly serve a true and correct copy of this Notice of Removal upon Plaintiffs, as required by law.

26. Defendants will promptly file a copy of this Notice of Removal with the clerk of the 14th Judicial District Court of Dallas County, Texas, as required by law.

**WHEREFORE**, Defendants David M. Clapper, Atlantic Midwest, LLC and Atlantic XIII, L.L.C. respectfully request the Court to accept the removal of this cause.

Respectfully submitted,

**AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.**

By: *Tamara L. Reno*
Karen C. Corallo
State Bar No. 04811490
Tamara L. Reno
State Bar No. 00797301
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800
(214) 969-4343 [FAX]

**ATTORNEYS FOR DEFENDANTS DAVID M. CLAPPER, ATLANTIC MIDWEST, LLC AND ATLANTIC XIII, L.L.C.**

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served upon all parties and counsel of record to the above cause in accordance with the Federal Rules of Civil Procedure on this 14th day of October, 1999.

| | |
|---|---|
| J. Robert Arnett II | ____ Via First-Class U.S. Mail |
| Sopuch Nouhan Higgins & Arnett, L.L.P. | ✓ Via CMRRR |
| 400 N. St. Paul Street, Suite 840 | ____ Via Hand Delivery |
| Dallas, Texas 75201 | |
| **COUNSEL FOR PLAINTIFFS** | |

*Tamara L. Reno*
Tamara L. Reno