IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ART MIDWEST, INC., and AMERICAN REALTY TRUST, INC., | § § § | |
| Plaintiffs/Counter-Defendants, | § § | |
| v. | § § | No. 3:99-CV-02355-N (BF) |
| DAVID M. CLAPPER, ATLANTIC MIDWEST, LLC, and ATLANTIC XIII, LLC, | § § § § | |
| Defendants/Counter-Plaintiffs. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, United States Code, Section 636(b), all post-judgement discovery and enforcement motions in this case have been referred to United States Magistrate Judge Paul D. Stickney for determination. *See* Order [D.E. 759]. Before the Court is Atlantic XIII, LLC, David M. Clapper and Atlantic Midwest, LLC's (the "Atlantic Parties") Motion for Turnover Order and for Temporary and Permanent Injunction as to American Realty Trust, Inc.'s Lawsuit and Judgment Against Dynex Corporation [D.E. 804] ("Motion for Turnover"). For the reasons stated below, the undersigned recommends that the Court grant in part the Motion for Turnover [D.E. 804].

### DISCUSSION

On April 28, 2014, the United States Court of Appeals for the Fifth Circuit issued its judgment affirming in part and vacating in part the judgment of this Court. *See* J. [D.E. 811 at 2]. Art Midwest, Inc. and American Realty Trust, Inc. (the "ART Parties") filed a motion asking the Court to postpone consideration of all post-judgment discovery and enforcement motions until after the Court enters its new final judgment in accordance with the Fifth Circuit's opinion ("Motion to Reconsider"). *See* Mot. to Reconsider [D.E. 807 at 2]. On May 15, 2014, the undersigned issued an

Order granting in part the Motion to Reconsider [D.E. 807] and postponed consideration of all post-judgment discovery and enforcement motions with the exception of the Atlantic Parties' request for a preliminary injunction as set out in their Motion for Turnover [D.E. 804]. *See* Order [D.E. 819]. On June 19, 2014, the undersigned held a hearing on the Atlantic Parties' request for a preliminary injunction. At the hearing, the ART Parties agreed to a permanent injunction as detailed in paragraphs 17 and 20 of the Atlantic Parties' Motion for Turnover as follows:

> 17. Movants require injunctive relief to prevent ART from selling, transferring reallocating or abandoning its valuable cause of action in the Dynex lawsuit.
>
> 20. The only adequate, effective, and complete relief to the Movants is to restrain ART from further engaging in certain proscribed activities, as set forth below. Pursuant to Texas Rule of Civil Procedure, Section 680, *et. seq.* and Texas Civil Practices and Remedies Code, Section 65.001, *et seq.*, and in order to preserve the status quo during the pendency of this action, the Movants seek a temporary restraining order, and on hearing, a temporary and permanent injunction, ordering and immediately restraining ART, including ART's agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") as follows:
>     a. Enjoining ART from selling, transferring, reallocating or abandoning its valuable cause of action in the Dynex lawsuit.
>     b. Enjoining ART from the destruction or deletion of any documents, evidence or record, electronic or otherwise, that relates to any of the matters implicated by the Dynex lawsuit, this lawsuit or pertaining to the Movants, including but not limited to all hard drives, backups, archives, and other possible sources of stored metadata or information.

*See* Mot. for Turnover [D.E. 804 at 5-6]. Given that the ART Parties agree to the terms of a permanent injunction as described above, the undersigned recommends that the Court grant the Atlantic Parties' request for a permanent inunction.

At the June 19, 2014 hearing, the Atlantic Parties also sought the appointment of a receiver and asked the Court to order the ART Parties to give them notice regarding notable events in the

Dynex lawsuit, such as settlements and resolution of dispositive motions. The undersigned finds that the appointment of a receiver at this time is premature and recommends that the Court deny the request without prejudice to raising it again after the Court enters its amended judgment. However, the undersigned recommends that the Court grant the Atlantic Parties' request to have the ART Parties keep them informed of notable events in the Dynex lawsuit.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT in part** the Motion for Turnover [D.E. 804]. Specifically, the undersigned recommends that the Court **GRANT** the Atlantic Parties' request for a permanent injunction as detailed in paragraphs 17 and 20 of their Motion for Turnover [D.E. 804]. Further, the undersigned recommends that the Court order the ART Parties to keep the Atlantic Parties informed of any notable events in the Dynex lawsuit, including but not limited to settlements and resolution of dispositive motions.

**SO RECOMMENDED**, this 24th day of June, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).